**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Leonard Eugene Jenkins, Appellant.

Appellate Case No. 2013-001753

———————————

Appeal From York County
Donald B. Hocker, Circuit Court Judge

———————————

Unpublished Opinion No. 2015-UP-429
Submitted April 1, 2015 – Filed August 19, 2015

———————————

**AFFIRMED**

———————————

Appellate Defender Susan Barber Hackett, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General John Benjamin Aplin, both of
Columbia; and Solicitor Kevin Scott Brackett, of York,
for Respondent.

———————————

**PER CURIAM:** Leonard Eugene Jenkins appeals his conviction for lewd act
upon a child, arguing his Sixth Amendment right to confrontation and his
Fourteenth Amendment right to present a complete defense were violated by the

trial court ruling a video recording of an interview of the minor victim (Minor) was inadmissible. Jenkins also asserts the trial court erred in ruling the video was inadmissible as extrinsic evidence of prior inconsistent statements under Rule 613(b), SCRE, because Minor did not unequivocally admit to making the prior statements.

1. Because Jenkins did not make any argument at trial regarding his rights under the Sixth or Fourteenth Amendments, these issues are not preserved for our review. *See State v. Rogers*, 361 S.C. 178, 183, 603 S.E.2d 910, 912-13 (Ct. App. 2004) (stating an issue must have been raised to and ruled upon by the trial court in order to preserve the issue for appellate review).

2. Jenkins argues the video was admissible under Rule 613(b), SCRE, to impeach Minor's testimony on the following issues: (1) the time period in which the alleged incident occurred, (2) the position in which Minor had her legs at the time of the alleged incident, (3) the color of the shirt Minor was wearing at the time of the alleged incident, (4) the way Jenkins touched Minor, and (5) the reason Minor delayed disclosing the incident.

As to Minor's testimony regarding the time period in which the alleged incident occurred and the position in which Minor had her legs at the time of the alleged incident, the trial court properly ruled the video was inadmissible because Minor admitted making the prior inconsistent statements. *See* Rule 613(b), SCRE (stating extrinsic evidence of a prior inconsistent statement by a witness is inadmissible if the witness admits making the prior statement).[1]

As to Minor's testimony regarding the color of the shirt she was wearing at the time of the alleged incident, the trial court properly ruled the video was inadmissible because the testimony concerned a collateral issue, not subject to impeachment by the admission of extrinsic evidence. *See State v. Beckham*, 334 S.C. 302, 321, 513 S.E.2d 606, 615 (1999) ("When a witness denies an act involving a matter

---

[1] Jenkins argues the State's redirect examination of Minor had the effect of converting Minor's admissions into equivocations, subject to impeachment under Rule 613(b), SCRE. Jenkins did not raise this specific argument at trial; accordingly, it is unpreserved. *See Rogers*, 361 S.C. at 183, 603 S.E.2d at 912-13 (stating an issue must have been raised to and ruled upon by the trial court in order to preserve the issue for appellate review); *id.* at 183, 603 S.E.2d at 913 (stating the issue must have been raised to the trial court with sufficient specificity).

collateral to the case in chief, the inquiring party is not permitted to introduce contradictory evidence to impeach the witness."). This rule applies equally when a witness denies making a prior inconsistent statement regarding a collateral matter. *See State v. Galloway*, 263 S.C. 585, 590-93, 211 S.E.2d 885, 887-89 (1975) (applying the collateral issue rule to a prior inconsistent statement). When determining whether a prior inconsistent statement is collateral, we look to whether the prior inconsistent statement was relevant to the case. *See id.* at 593, 211 S.E.2d at 889 (explaining "[t]he true question is one of relevance" when determining whether a prior inconsistent statement is collateral). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, SCRE. The color of the shirt worn by Minor at the time of the alleged incident had no evidentiary value and was not relevant to any issue of consequence in this case. Accordingly, the trial court properly ruled the video was inadmissible for the purpose of impeaching Minor's testimony on this issue.

As to Minor's testimony regarding the way Jenkins touched her, we find Minor's statement in the video was not inconsistent with her testimony at trial. Accordingly, Rule 613(b), SCRE, does not apply, and the trial court properly found the video inadmissible to impeach Minor's testimony on this issue. *See* Rule 613(b), SCRE (providing for the admission of extrinsic evidence at trial to prove a prior inconsistent statement by a witness).

Finally, as to Minor's testimony regarding her delayed disclosure of the incident, the trial court properly found the video inadmissible because Jenkins was not seeking to prove a prior inconsistent statement but rather a prior statement was never made. At trial, Minor testified she delayed disclosing the incident because she was afraid of losing her friendship with Jenkins's stepdaughter. Jenkins sought to impeach this testimony through the admission of the video, arguing Minor did not mention in the interview that her friendship with Jenkins's daughter was the reason for her delayed disclosure. Rule 613(b), SCRE, does not allow for the video to be admitted for this purpose. *See* Rule 613(b), SCRE (allowing for the admission of prior inconsistent statements by a witness if the witness denies making the statement).

Furthermore, we find Jenkins was not prejudiced by the trial court's decision to exclude the video because he was allowed to extensively cross-examine Minor and the police officer who interviewed Minor in the video. Accordingly, we will not disturb the trial court's ruling. *See State v. Kromah*, 401 S.C. 340, 349, 737 S.E.2d

490, 494-95 (2013) ("The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice." (internal quotation marks and citation omitted)).

For the foregoing reasons, the ruling of the trial court is

**AFFIRMED.** [2]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.